**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **WILLIAM F. SEVERINO,** | **Case No. 25–cv–17063–ESK** |
| **Petitioner,** | |
| v. | **OPINION** |
| **MARK CRANSTON, et al.,** | |
| **Respondents.** | |

**KIEL, U.S.D.J.**

**THIS MATTER** is before the Court on petitioner William F. Severino's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition).    (ECF No. 1).    For the following reasons, I will dismiss the Petition as moot.

## I.    FACTS AND PROCEDURAL HISTORY

Petitioner was a pretrial detainee in the Middlesex County Jail (Jail) when he filed the Petition.    (*Id.* p. 1.)    He challenges the New Jersey Superior Court's decision to deny him bail as well as the judge's behavior during the hearing.    (*Id.* pp. 6, 7, 8.)    On May 7, 2026, petitioner pleaded guilty to Indictment 25–04–481–I in Middlesex County.    *State v. Severino*, No. MID–25–000636 (N.J. Super. Ct.).[1]

## II.    LEGAL STANDARD

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the

---

[1] I take "judicial notice of the state court proceedings, which are a matter of public record." *McDonald v. Jones*, 427 F. App'x 84, 85 n. 1 (3d Cir. 2011).

> application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b*)); see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

### III.  DISCUSSION

District courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court, *see Moore v. De Young*, 515 F.2d 437, 441–42 (3d Cir. 1975), but "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46). "The district court should exercise its 'pre-trial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies." *Moore*, 515 F.2d at 443.

However, petitioner has pleaded guilty since filing the Petition. "That guilty plea moots his § 2241 habeas petition challenging pretrial detention." *Williams v. New Jersey*, No. 18–cv–14964, 2020 WL 3259223, at *2 (D.N.J. June

16, 2020) (citing *Quarles v. Pennsylvania*, No. 13–cv–01994, 2014 WL 99448, *3 (E.D. Pa. Jan. 10, 2014); *Padilla v. Brewington-Carr*, No. 98–cv–00661, 2002 WL 100572, at *2 (D. Del. Jan. 22, 2002).) Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)).

I cannot grant petitioner any further relief pursuant to § 2241, so the Petition is moot and must be dismissed. To the extent a certificate of appealability is required, I decline to issue one because reasonable jurists would agree that the Petition is moot after petitioner's guilty plea. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

For the reasons stated above, I will dismiss the Petition as moot. No certificate of appealability shall issue. An appropriate Order accompanies this Opinion.

        /s/ Edward S. Kiel
        **EDWARD S. KIEL**
        **UNITED STATES DISTRICT JUDGE**

Dated: July 1, 2026

3